UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RALPH FRANCIS DELEO, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No. 1:23-cv-12576-IT |
| | * |
| FEDERAL BUREAU OF PRISONS and COOLIDGE HOUSE, | * |
| | * |
| Defendants. | |

MEMORANDUM & ORDER

January 12, 2024

TALWANI, D.J.

Pending before the court is Petitioner Ralph Francis de Leo's Petition for a Writ of Habeas Corpus [Doc. No. 1]. In his Petition, de Leo contends that the Bureau of Prisons ("BOP") incorrectly calculated his eligibility for supervised release, and that his custodial sentence should have ended on May 28, 2023, not May 28, 2024. In response, the BOP provided a detailed explanation of its sentencing calculation, which the court summarized as follows:

> [T]he [BOP] states that: (1) Petitioner's sentences in United States v. Thomas, 09-cr-00305 (E.D. Ark.) and United States v. DeLeo, 09-cr-10391 (D. Mass.) were aggregated to an 18-year, two-month, and 21 day sentence, beginning on March 31, 2011, with 500 days of prior custody credit for the period from November 16, 2009, to March 30, 2011; (2) Petitioner's projected release date based on good conduct time pursuant to 18 U.S.C. § 3624(b) (prior to application of First Step Act credits) is May 28, 2025; (3) Petitioner has earned 840 First Step Act time credits; (4) BOP has applied 365 of these credits toward early transfer to supervision, moving his expected transition to supervised release up to May 28, 2024; and (5) pursuant to 18 U.S.C. § 3624(g)(3), the statutory maximum BOP can reduce a sentence based on First Step Act credits is one year.

Electronic Order [Doc. No. 7] (citing Response/Answer 4, 6 [Doc. No. 6]). The court offered Petitioner an opportunity to specifically identify any dispute with these five points and the basis for the dispute. Id.

De Leo's response is styled a Motion [Doc. No. 8] in which he asks the court to order BOP to end his custodial sentence. De Leo does not disagree with the BOP's calculation of his projected release date of May 28, 2025, based on good conduct time prior to application of First Step Act credits, but he reiterates his contention that he "has accumulated a sufficient number [of First Step Act] credits to equal or exceed the remainder of his term of imprisonment" and argues that all credits must be applied. Motion at 1 [Doc. No. 8]. However, de Leo does not address the limitation set forth in 18 U.S.C. 3624(g)(3) which provides that the statutory maximum that the BOP can reduce a sentence based on First Step Act credits is one year.

In sum, the court finds no error in the BOP's calculation of de Leo's release date eligibility of May 28, 2024. Accordingly, de Leo's Motion [Doc. No. 8] is DENIED and his Petition [Doc. No. 1] is DISMISSED.

IT IS SO ORDERED

January 12, 2024                                                /s/     Indira Talwani
                                                                United States District Judge